UNITED STATED BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

SAMUEL OSUJI,

        Debtor.

Chapter 7
Case No.: 15-75534-AST

-----------------------------------------------------------x
SAMUEL OSUJI,

        Plaintiff,

   -against-

NEW CENTURY MORTGAGE
CORPORATION, US BANK NATIONAL
ASSOCIATION,
        Defendants.

Adv. Pro. No.: 16-08017-AST

-----------------------------------------------------------x
SAMUEL OSUJI,

        Plaintiff,

   -against-

INDYMAC BANK F.S.B. ET AL,

        Defendants.

Adv. Pro. No.: 16-08045-AST

-----------------------------------------------------------x
SAMUEL OSUJI,

        Plaintiff,

   -against-

HSBC BANK, USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR HOME
EQUITY LOAN TRUST SERIES ACE
2005-HE5,
        Defendant.

Adv. Pro. No.: 16-08048-AST

-----------------------------------------------------------x

## **DECISION AND ORDER ABSTAINING FROM ADVERSARY PROCEEDINGS**

### *ISSUE PRESENTED AND SUMMARY OF RULING*

On December 30, 2015, the above-captioned debtor, Samuel Osuji (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition"). Kenneth Kirschenbaum was appointed the chapter 7 trustee (the "Trustee"). Prior to the commencement of

the main bankruptcy case, Debtor had obtained ownership of several pieces of real property, including the three properties involved in these adversary proceedings, each of which were involved in state court litigation prior to Debtor obtaining his interests (the "Properties" and the "State Court Litigation").  After filing this bankruptcy, in an effort to essentially shift the State Court Litigation from the state court to this Court, Debtor commenced these three (3) adversary proceedings against various lenders asserting that he owns unencumbered title to the Properties under New York state law and that each lender has no enforceable interest (the "Adversaries").  Out of concerns for forum shopping and comity with the state courts, this Court *sua sponte*, but on notice, raised whether abstention is appropriate.  In the interim, the Trustee has expressed his intention not to administer these Properties.[1]

For the reasons set forth below, pursuant to 28 U.S.C. § 1334(c), (d) and Federal Rule of Bankruptcy Procedure 5011, this Court will abstain from hearing the Adversaries.

### *THE INDYMAC ADVERSARY PROCEEDING*

On March 30, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08045 against Indymac Bank F.S.B. et al ("Indymac" and the "Indymac Complaint").  [adv. pro. no.: 16-08045; dkt item 1]  In the Indymac Complaint, Debtor alleges, *inter alia*, that Indymac is not the holder of the note and mortgage that encumbers real property located at 113 Lawrence Street, Uniondale, New York 11553 (the "Lawrence Street Property"), in which he asserts a right of occupancy or ownership.

---

[1] Debtor has filed two other adversary proceedings asserting interests in various other parcels of real property (adv. pro. nos.: 16-08039 and 16-08044).  In 16-08039, on September 2, 2016, the Court entered an Order to abstain from and in the alternative to dismiss the 16-08039 Adversary Proceeding, which also concerns a property the Trustee will not be administering.  [adv. pro. no.: 16-08039; dkt item 41]  The Trustee has decided to administer the assets related to adversary proceeding 16-08044.  [main case; dkt item 40]

Additionally, Debtor alleges as follows: that on August 17, 2009, Indymac commenced a state court foreclosure action against the Lawrence Street Property by filing an action against a purported prior owner of that property, a Fidelis Mgbeahuru, assigned state court index number 016475/2009 (the "2009 Mgbeahuru Case"); that Indymac did not revoke its notice of acceleration of the mortgage; however, Debtor did not allege that the 2009 Mgbeahuru Case was closed or what its disposition was. Debtor further alleged: that on November 20, 2012,[2] Debtor filed a state court action against Mr. Mgbeahuru to determine title to the Lawrence Street Property, state court index number 014253/2012 (the "2012 Mgbeahuru Case"); that on March 7, 2014, the state court entered an order in favor of Debtor, vesting title to the Lawrence Street Property in him free of any liens. Debtor does not allege that he joined Indymac or any other mortgagee of record in the 2012 Mgbeahuru Case. Thus, Debtor contends he acquired an ownership interest in the Lawrence Street Property while the 2009 Mgbeahuru Case was pending but chose not to intervene in that action, and that the interest Debtor acquired was after Mr. Mgbeahuru had already surrendered his interest in the Lawrence Street Property to Indymac as part of Mr. Mgbeahuru's bankruptcy.

On May 2, 2016, Debtor filed a motion for a default judgment before this Court ("Indymac Default Motion"). [adv. pro. no.: 16-08045; dkt item 4]

On May 23, 2016, Deutsche Bank National Trust Company as Trustee for Indymac Indx Mortgage Loan Trust 2007-Ar1, Mortgage Pass-Through Certificates Series 2007-Ar1 ("Deutsche"), filed an answer to the Indymac Complaint, asserted general denials, and alleged

---

[2] The Court also notes that Debtor here also alleged in his Indymac Complaint that on May 21, 2012, Mr. Mgbeahuru filed for chapter 7, under case no. 12-73271-reg, and that pursuant to 11 USC §§ 521 (a)(2)(A), 542(a), he surrendered the Lawrence Street Property to Indymac in full satisfaction of the secured debt owed to Indymac. In its Answer, Deutsche admitted that this property was surrendered by Mr. Mgbeahuru but to OneWest as successor to Indymac.

that Debtor improperly named Indymac Bank F.S.B. as a defendant. [adv. pro. no.: 16-08045; dkt 5] Additionally, Deutsche demanded a jury trial on all issues so triable, and did not consent to a jury trial before the bankruptcy court.

On May 23, 2016, Deutsche filed an opposition to Debtor's Indymac Default Motion. [adv. pro. no.: 16-08045; dkt item 6] On May 31, 2016, the Court entered an Order denying Debtor's Indymac Default Motion. [adv. pro. no.: 16-08045; dkt item 9]

On June 3, 2016, attorney Natalie Jean-Baptiste filed a Notice of Appearance and Request for Notice on behalf of Debtor. [adv. pro. no.: 16-08045; dkt item 10]

On June 9, 2016, Debtor filed a motion for reconsideration of the Indymac Default Motion, which this Court denied by Order entered on June 16, 2016. [adv. pro. no.: 16-08045; dkt items 15, 16]

What Debtor essentially seeks is a determination that he alone holds an interest in the Lawrence Street Property and that neither Indymac nor Deutsche have any interest in the Lawrence Street Property as such matters have been adversely determined against either Indymac or Deutsche in state court. Deutsche contends that any interest Debtor has in the Lawrence Street Property is subject to the mortgage held by Deutsche. [adv. pro. no.: 16-08045; dkt item 21]

*THE NEW CENTURY ADVERSARY PROCEEDING*

On January 29, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08017 against New Century Mortgage Corporation ("New Century") and US Bank National Association ("US Bank" and collectively the "New Century Defendants" and the "New Century Complaint"). [adv. pro. no.: 16-08017; dkt item 1] In the New Century Complaint, Debtor alleges, *inter alia*, that the New Century Defendants are not the holders of the note and mortgage that encumber real

property located at 126 William Street, Hempstead, New York 11550 (the "William Street Property"), in which he asserts a right of occupancy or ownership.

The New Century Defendants have not answered or otherwise appeared in this action. Plaintiff has moved for a default judgment. [adv. pro. no.: 16-08017; dkt item 4]  However, this Court has not determined whether service was properly effectuated.

On January 19, 2017, attorneys Freddie J Berg and Oleg Vinnitsky filed a notice of appearance on behalf of Debtor.

In the New Century Complaint, Debtor alleges that in July 2007, US Bank commenced a state court foreclosure action against the William Street Property by filing an action against a Chima Williams, state court index number 14623/2007 (the "2007 William Street Case"), but that the 2007 William Street Case was marked off the state court calendar for lack of prosecution on October 24, 2012.  Debtor further alleges that: on June 30, 2009, US Bank commenced another foreclosure action against the William Street Property and Mr. Williams under state court index number 010399/2009 (the "2009 William Street Case"), which action was dismissed by the state court on March 27, 2015; that on August 2, 2013, he took ownership of the William Street Property from Mr. Williams through a bargain and sale deed; thus, Debtor alleges he acquired an ownership interest in the William Street Property while the 2009 William Street Case was pending but chose not to intervene in that action.  Debtor essentially seeks a determination that he alone holds an interest in the William Street Property and that the New Century Defendants do not have any interest in the William Street Property as such matters have been adversely determined against them in state court.

*THE HSBC BANK ADVERSARY PROCEEDING*

On April 4, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08048 against HSBC Bank, USA, National Association, as Trustee for Home Equity Loan Trust Series ACE 2005-HE5 ("HSBC Bank" and the "HSBC Complaint"). [adv. pro. no.: 16-08048; dkt item 1] In the HSBC Complaint, Debtor alleges, *inter alia*, that HSBC Bank is not the holder of the note and mortgage that encumber real property located at 36 John Street, Roosevelt, New York 11575 (the "John Street Property"), in which he asserts a right of occupancy or ownership.

HSBC Bank has not answered or otherwise appeared in this action. Debtor has moved for a default judgment. [adv. pro. no.: 16-08048; dkt item 5] However, this Court has not determined whether service was properly effectuated.

On January 19, 2017, attorneys Freddie J Berg and Oleg Vinnitsky filed a notice of appearance on behalf of Debtor.

In the HSBC Complaint, Debtor alleges: that in October 2008, HSBC Bank commenced a state court foreclosure action against the John Street Property by filing an action against a Christopher Johnson, state court index number 19083/2008 (the "2008 Johnson Case"); that on April 6, 2010, the state court granted a default judgment in favor of HSBC Bank; that on October 8, 2014, the state court granted HSBC Bank summary judgment on its foreclosure action and entered an order of reference appointing a referee to conduct a foreclosure sale, but that HSBC Bank has not moved for a judgment of foreclosure and sale, and the present action is still pending without final order.[3] Debtor further alleges that on August 2, 2013, he took ownership of the John

---

[3] In Debtor's Objection to the Court's Order to Show Cause as to Why the Court Should Not Abstain from Hearing this Adversary Proceeding, Debtor alleges the 2008 Case was closed for lack of prosecution. [adv. pro. no.: 16-08048; dkt 11] In addition, Debtor attached a WebCivil Supreme Appearance Detail, which shows that on November 29, 2015, the state court granted HSBC Bank's motion to Discontinue Action/Cancel N.P.

Street Property from Mr. Johnson through a bargain and sale deed; thus, Debtor alleges he acquired an ownership interest in the John Street Property while the 2008 Johnson Case was pending but chose not to intervene in that action.

Debtor essentially seeks a determination that he alone holds an interest in the John Street Property and that HSBC Bank does not have any interest in the John Street Property as such matters have been adversely determined against HSBC Bank in state court.

### *ADDITIONAL RELEVANT PROCEDURAL HISOTRY*

On May 2, 2016, the Court entered an Order in the main case granting Debtor his Discharge. [main case; dkt item 29]

On June 16, 2016, in the Adversaries, this Court issued an Order scheduling a pretrial status conference for July 19, 2016 (the "Scheduling Order").

On July 19, 2016, the Court conducted a status conference (the "Conference"). Based upon the Court's review of the pleadings filed in the Adversaries, and the representations made at the Conference, the Court determined that substantial questions existed as to whether this Court should hear and determine the Adversaries or whether it should abstain from doing so, because the claims asserted in the Adversaries concerning the Properties involve purely issues of state law and are alleged to have been determined, at least in part, in the 2007 William Street Case, 2009 William Street Case, 2009 Mgbeahuru Case, 2012 Mgbeahuru Case, and the 2008 Johnson Case (the "State Court Cases"). On July 26, 2016, in each of the Adversaries, the Court issued an Order to Show Cause as to Why the Court Should Not Abstain from Hearing this Adversary Proceeding (the "OSC").

On August 8, 2016, in the Indymac adversary, Deutsche filed a Response to the OSC ("OSC Response"), claiming that the Court should abstain from adjudicating the Indymac

Complaint because every claim in the Indymac Complaint is non-core and governed by state law, and that, as the 2009 Mgbeahuru Case was still pending in state court, Debtor should instead intervene in the 2009 Mgbeahuru Case to seek complete relief.

On August 8, 2016, in each of the Adversaries, Debtor filed an objection ("Objection") to the OSC. In his Objection, Debtor essentially asserts that there is no basis for this Court to abstain since he has essentially prevailed in each of the State Court Cases and there is no other proceeding pending in state court to which this Court would defer. In support of his assertion that no other proceeding was pending in state court, Debtor submitted Appearance Details and Case Search Results from WebCivil Supreme[4] for the 2007 William Street Case [16-8017; dkt item 11]; the 2008 Johnson Case [16-8048; dkt item 11]; and the 2009 Mgbeahuru Case [16-8045; dkt item 22].

On August 10, 2016, in the Indymac adversary, Deutsche filed a declaration of Brian J. Slipakoff ("Slipakoff Declaration") asserting that no final order has been filed in the 2009 Mgbeahuru Case and that the 2009 Mgbeahuru Case was "Inactive Pending Future Filing." [16-8045; dkt item 24]

On August 12, 2016, in the Indymac adversary, Debtor filed a declaration of Natalie Jean-Baptiste in response to the Slipakoff Declaration, claiming the 2009 Mgbeahuru Case was no longer pending. [16-8045; dkt item 25]

On August 15, 2016, the Court conducted a hearing in connection with the OSC. At the hearing, Debtor acknowledged that none of the Properties were his homestead at the Petition date.

---

[4] WebCivil Supreme is New York State Unified Court System's online case database. The Appearance Detail page provides, among other things, appearance dates and matters scheduled in a New York state Supreme Court case for which the WebCivil Supreme is available.

On August 15, 2016, the Court entered an Order Scheduling Hearing which, *inter alia*, scheduled a hearing for September 13, 2016 in Debtor's main bankruptcy case, at which the Trustee and counsel for the Trustee were directed to appear and be prepared to discuss, as applicable, the administration of the main bankruptcy case, the Adversaries, and any assets that may be available for distribution to general unsecured creditors. [main case; dkt item 34] The Court conducted the status conference and at the conclusion, directed the Trustee to file a status letter within thirty days advising the Court and creditors, *inter alia*, of the Trustee's intent to pursue any interest of the estate in the Properties made the subject of the Adversaries, including the real property involved in adversary proceeding 16-08044. As of October 25, 2016, the Trustee had not filed a status report; thus, on October 26, 2016, the Court issued an Order directing the Trustee to file the status report. [main case; dkt item 39] The Trustee filed a status report on October 27, 2016 and stated, *inter alia*, that the Trustee did not intend to administer any interest of the estate in the Properties made the subject of these Adversaries, although he would pursue an interest in the property involved in a separate adversary proceeding 16-08044. [main case; dkt item 40]

On December 1, 2016, the Court entered an Order that directed Debtor to file a current WebCivil Case Search Result, Appearance Detail, Motion Detail, and Document Search Result for the 2007 William Street Case, the 2009 William Street Case, the 2009 Mgbeahuru Case, 2012 Mgbeahuru Case, and the 2008 Johnson Case (the "Order to Direct").

On January 2, 2017, Debtor filed an affirmation of Oleg "Al" Vinnitsky, Esq., of the Berg Law Firm in response to the Order to Direct (the "Response to Order to Direct"), in which Mr. Vinnitsky, Esq., attached several of the documents requested in the Order to Direct, including the Appearance Detail in the 2009 William Street Case, which provides that case in fact has not been

dismissed or closed but is marked "Supreme Trial is Inactive Pending Future Filing," and the Appearance Detail in the 2009 Mgbeahuru Case, which also provides that case in fact has not been dismissed or closed but is marked "a Supreme Trial is Inactive Pending Future Filing."

Mr. Vinnitsky, Esq., did not attach the Appearance Detail as it relates to the overall status of the 2008 Johnson Case.

*JURISDICTION*

This Court has jurisdiction at this juncture over these actions pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), (b)(2)(A) and (b)(3), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011. *See Nickless v. Creare, Inc.*, 310 B.R. 478, 484–85 (Bankr. D. Mass. 2004) ("a motion to abstain, whether mandatory or discretionary abstention, is itself a core matter") (citing cases); *see also In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 811 (Bankr. N.D. Ill. 2008); *In re Finkley*, 203 B.R. 95, 97 (Bankr. N.D. Ill. 1996).

*LEGAL ANALYSIS*

**A. Standards for Mandatory and Permissive Abstention**

This Court has previously discussed the legal standard for abstention in several reported decisions. *See Guretzky v. Wallace*, Case No. 08-75231 (AST), Adv. Pro. No. 08-8048-ast; dkt item 13-1 (Oct. 27, 2008), *aff'd*, *Wallace v. Guretzky*, 2009 U.S. Dist. LEXIS 91284, 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009); *In re Exeter Holding, Ltd.*, Case No. 11-77954 (AST), 2013 Bankr. LEXIS 1008, at *7-8, (Bankr. E.D.N.Y. Mar. 14, 2013); *see also In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378 (Bankr. E.D.N.Y. 2011); *In re Horowitz,* 2010 Bankr. LEXIS 701, 2010 WL 814103 (Bankr. E.D.N.Y. Mar. 1, 2010); *In re Wider,* 2009 Bankr. LEXIS 3981, 2009 WL 4345411 (Bankr. E.D.N.Y. Nov. 30, 2009).

Under 28 U.S.C. § 1334(c) this Court may abstain from hearing a matter on either a mandatory or permissive basis. "A party seeking mandatory abstention must prove each of the following: (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or 'arising under' the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be 'timely adjudicated' in state court." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (citations omitted). In order for mandatory abstention to apply, all elements must be met. *Id*. "[A] prerequisite for mandatory abstention under 28 U.S.C. § 1334(c)(2) is a pending state court case with appropriate jurisdiction." *In re Kolinsky*, 100 B.R. 695, 704 (Bankr. S.D.N.Y. 1989). As Debtor correctly notes, he is not a party to a pending state court action as he chose not to intervene; thus mandatory abstention is not appropriate.

This Court may, nevertheless, permissively abstain from hearing an action "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). When determining whether to permissively abstain, the Court considers one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the court's] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*See In re Pers. Comm. Devices, LLC*, Case No. 13-74303 (AST), 2016 Bankr. LEXIS 2844, at *25-27 (Bankr. E.D.N.Y. Aug. 5, 2016); *Exeter*, 2013 Bankr. LEXIS 1008, at *10-11 (citations and quotations omitted). Permissive abstention is warranted when "it is more appropriate to have a State court hear a particular matter of State law." *In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991). "Permissive abstention under Section 1334(c)(1) is within the sound discretion of the bankruptcy court." *In re Abir*, Case No. 09-CV-2871 (JF), 2010 U.S. Dist. LEXIS 28471, at *21 (E.D.N.Y. Mar. 22, 2010). *See generally, In re Boyce*, Case No. 10-75049-AST, 2015 WL 9126085 (Bankr. E.D.N.Y. Dec. 15, 2015), *aff'd sub nom. Boyce v. Citibank, N.A.*, Case No. 15-CV-07408 (JFB), 2017 WL 87066 (E.D.N.Y. Jan. 10, 2017) (in deciding whether to retain jurisdiction over or to reopen an adversary proceeding after a bankruptcy case has been closed, the court should consider, *inter alia*, whether the adversary proceeding would impact the bankruptcy case).

### B. Permissive Abstention is Warranted in each of these Adversary Proceedings

*The Indymac Proceeding*

Permissive abstention is warranted in the Indymac adversary proceeding based upon the presence of the following factors: (1) the efficient administration of the estate; (2) state law issues clearly predominate over bankruptcy issues; (4) there was, and currently is, a related state court foreclosure proceeding; (5) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (9) the burden on the court's docket; and (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties.

The Court's permissive abstention from the Indymac adversary proceeding will assist in the efficient administration of the estate as the filing of the Trustee's final report and making distributions to creditors will not have to await resolution of this adversary. Debtor has already received his chapter 7 discharge and the Trustee has chosen to not administer the Lawrence Street Property. Debtor has not claimed the Lawrence Street Property as an exempt asset under § 522(b)(3). The Indymac adversary proceeding will not result in an asset of the estate or yield funds for the benefit of creditors. Permissive abstention will advance judicial economy.

Additionally, permissive abstention is warranted because state law issues predominate over this adversary proceeding. The Indymac Complaint predominantly asserts causes of action under New York state law related to Indymac's claimed lien against the Lawrence Street Property. The state court is better equipped for adjudicating the state law foreclosure issues related to the Lawrence Street Property and how the 2009 Mgbeahuru Case and 2012 Mgbeahuru Case may affect the outcome of Debtor's claims.

Debtor argues that permissive abstention is not appropriate here because Debtor claims there is no state court action pending. In response, Deutsche asserts the 2009 Mgbeahuru Case is inactive pending future filing. It appears that the state court in the 2009 Mgbeahuru Case has not entered a final order and that Debtor may request he be allowed to intervene in the 2009 Mgbeahuru Case and seek appropriate relief from the state court. The risk that the federal court and the state court could reach differing conclusions as to Indymac's or Deutsche's right to foreclose on the Lawrence Street Property, even including any consideration to be given to Mr. Mgbeahuru surrendering his interest in that property to Indymac or OneWest, weighs in favor of permissive abstention. The Court will not interfere with the state court's ability to make a determination on the merits of the litigation with Mr. Mgbeahuru. To the extent the state court

actually determined that Indymac did not have a right to foreclose during the litigation with Mr. Mgbeahuru, if Debtor needs any additional relief, he should seek that from the court that purportedly granted that relief in Mr. Mgbeahuru's favor.[5]

*The New Century Proceeding*

For much the same reasons, permissive abstention is also warranted in the New Century adversary proceeding. The Trustee has chosen not administer the William Street Property. Debtor has not claimed the William Street Property as an exempt asset. Similar to the Indymac Complaint, the New Century Complaint alleges only state law causes of action. The 2009 William Street Case is inactive pending future filing. If Debtor needs any additional relief, he should seek that from the court that granted the relief in Mr. William's favor or, if necessary, commence a separate action, in which the state court can determine how the 2009 William Street Case may affect the outcome of Debtor's claim. Here also the Court's permissive abstention will assist in the efficient administration of the estate as the filing of the Trustee's final report and making distributions to creditors will not have to await resolution of this adversary.

*The HSBC Bank Proceeding*

Permissive abstention is also warranted in the HSBC Bank adversary proceeding. Again, the Trustee has chosen not administer the John Street Property, and Debtor has not claimed the John Street Property as an exempt asset. The HSBC Complaint alleges similar state law causes of action as the Indymac and New Century Complaints, but here, Debtor admitted in the HSBC

---

[5] This Court also may not be able to make a final determination on Debtor's requested relief because Deutsche has demanded a jury trial on all issues so triable and has not consented to entry of a final judgment by this Court. Thus, trial might have needed to go forward before the District Court. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.")

Complaint that the 2008 Johnson Case was still pending in state court. Only after the Court has raised the issue of abstention did Debtor claim the 2008 Johnson Case was no longer pending. In the Response to Order to Direct, Debtor did not submit the main Appearance Detail page. Thus, the Court is not convinced that the 2008 Johnson Case is no longer pending in state court. If Debtor needs any additional relief, he should seek that from the court that granted the relief in Mr. Johnson's favor or, if necessary, commence a separate action, in which the state court can determine how the 2008 Johnson Case may affect the outcome of Debtor's claim. Here again the Court's permissive abstention will assist in the efficient administration of the estate as the filing of the Trustee's final report and making distributions to creditors will not have to await resolution of this adversary.

*Summary of abstention*

Simply put, there is no reason why the Adversaries should be heard in bankruptcy court as opposed to state court. Debtor has not asserted that any of the creditors involved in any of these Adversaries have filed Proofs of Claim in his main bankruptcy case. There are no bankruptcy issues that this Court needs to determine, nor would adjudicating any of these disputes have any positive effect on the administration of this bankruptcy estate or distributions to creditors, but could delay administration of this estate.

*CONCLUSION*

Based on the foregoing, it is hereby

**ORDERED**, that this Court hereby abstains from hearing and determining these Adversaries; and it is further

**ORDERED**, that the above-captioned adversary proceedings shall be closed.



Dated: **February 2, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**